**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN H. RICHARDSON**<br> **and NICOLE RICHARDSON, his wife**<br>2124 Melvin Street<br>Philadelphia, PA 19131<br> Plaintiffs | : | Civil Action No. _____ |
| **v.** | : | |
| **TRAVELERS INSURANCE,**<br> **d/b/a THE PHOENIX INSURANCE COMPANY**<br>One Tower Square<br>Hartford, CT 06183<br> Defendants | : | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs, John H. Richardson and Nicole Richardson, his wife, by and through undersigned counsel, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. The claims set forth herein seek damages in excess of the jurisdiction limits for arbitration in the United States District Court for the Eastern District of Pennsylvania.

2. Plaintiff John H. Richardson is an adult individual domiciled in the Commonwealth of Pennsylvania.

3. Plaintiff Nicole Richardson is an adult individual domiciled in the Commonwealth of

1

Pennsylvania and is married to John H. Richardson. Nicole Richardson and John H. Richardson were likewise married at the time of the vehicle crash herein concerned.

4. Defendant Travelers Insurance, doing business as The Phoenix Insurance Company ("Travelers"), is a corporation organized under the laws of a state other than Pennsylvania, with its principal place of business outside Pennsylvania.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

**FACTUAL ALLEGATIONS**

6. On May 18, 2022, Plaintiff John H. Richardson was a passenger in a 2016 Ford passenger van owned by his employer, Saint Joseph University.

7. At all relevant times, Plaintiff John H. Richardson was acting within the course and scope of his employment with Saint Joseph University.

8. The Saint Josheph University vehicle in which Plaintiff John H. Richardson was riding was struck when a motor vehicle operated by Miranda Tsang disregarded a red traffic signal and broadsided the Saint Josheph University vehicle.

9. The collision occurred on City Avenue at or near the border of Philadelphia County and Montgomery County, Pennsylvania.

10. Miranda Tsang's negligence was the direct and proximate cause of the collision.

11. As a result of the collision, Plaintiff John H. Richardson sustained serious and severe injuries, some or all of which are or may be permanent, including C5-C6 and C6-C7 post traumatic radicular complaints with aggravation of previously asymptomatic, age appropriate changes; post traumatic cervicalgia; post traumatic facet syndrome; cervical radiculopathy; cervicogenic headache; post traumatic lumbar facet syndrome; cervical, thoracic and lumbar strain; physical pain; mental anguish; emotional distress; loss of life's pleasures; medical expenses; lost wages; and possible future loss of earning capacity.

12. At the time of the collision, Miranda Tsang was insured under a motor vehicle liability insurance policy issued by GEICO providing bodily injury limits of $25,000 per person.

13. The full liability limits of Miranda Tsang's policy were tendered on or about October 7, 2022. See Exhibit "A" attached hereto.

14. On December 27, 2022, Travelers d/b/a The Phoenix Insurance Company gave Plaintiff its consent to the third party settlement with Miranda Tsang and waived its right of subrogation.

15. Plaintiff John H. Richardson's damages exceed the available liability limits of Miranda Tsang's GEICO motor vehicle insurance policy.

16. At the time of the crash on May 18, 2022, the Saint Joseph University vehicle in which Plaintiff John H. Richardson was riding was insured by Defendant Travelers d/b/a The Phoenix Insurance Company under policy No. BA-9S484883-21-CAG providing underinsured motorist ("UIM") coverage applicable to Plaintiff John H. Richardson. See Exhibit "B" attached hereto, consisting of the Declarations Sheet, covered vehicles schedule and UIM endorsement of said Travelers policy.

17. Plaintiffs have complied with all conditions precedent to recovery of UIM benefits under the applicable Travelers insurance policy.

**RULE 16 / CASE MANAGEMENT DESIGNATION**

18. This is not a complex case within the meaning of Local Rule 16.1 of the United States District Court for the Eastern District of Pennsylvania.

19. In the judgment of the undersigned, this matter is appropriate for the Court's standard discovery track.

**COUNT I**

**John H. Richardson v. Travelers Insurance d/b/a The Phoenix Insurance Company - Underinsured Motorist Benefits**

20. Plaintiffs incorporate by reference Paragraphs 1 through 19 as if fully set forth herein.

21. Travelers' policy obligates it to pay underinsured motorist benefits to the occupants of the Saint

3

Joseph University vehicle occupied by John H. Richardson, when damages to the occupants are caused by an underinsured motorist.

22. Plaintiff John H. Richardson is legally entitled to recover damages in excess of the tortfeasor's liability limit available to him.

23. Travelers has failed and refused to pay UIM benefits due and owing to Plaintiff John H. Richardson under the policy.

24. Travelers' refusal to pay constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff John H. Richardson demands judgment against Defendant Travelers Insurance, d/b/a The Phoenix Insurance Company, in an amount in excess of the Court's arbitration limits, together with interest, costs, and such other relief as this Court deems just and proper.

**COUNT II**

**Nicole Richardson v. Travelers Insurance d/b/a The Phoenix Insurance Company - Underinsured Motorist – Loss of Consortium**

25. Plaintiffs incorporate by reference Paragraphs 1 through 24 as if fully set forth herein.

26. As a direct and proximate result of the injuries sustained by John H. Richardson, Plaintiff Nicole Richardson has suffered loss of consortium, companionship, comfort, services, and society of her husband.

27. Plaintiff Nicole Richardson's damages exceed the tortfeasor's available bodily injury limits and are recoverable under Travelers' UIM policy.

28. Travelers has failed and refused to pay UIM benefits due and owing to Plaintiff Nicole Richardson under said policy.

31. Travelers' refusal to pay constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff Nicole Richardson demands judgment against Defendant Travelers Insurance, d/b/a The Phoenix Insurance Company, in an amount in excess of the Court's arbitration limits, together with interest, costs, and such other relief as this Court deems just and proper.

5

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

s/ Paul Gordon Hughes
PIERCE & HUGHES, P.C.
P. O. Box 604
Media, PA 19063
pghughes@piercehughes.com
(610)566-9111

# EXHIBIT "A"



**GEICO Advantage Insurance Company**

Attn: Region 1 Claims, PO Box 9505
Fredericksburg, VA 22403-9505

10/7/2022

Pierce & Hughes Pc

17 VETERANS SQ
Media, PA 19063-3217

Company Name:     GEICO Advantage Insurance Company
Claim Number:     064894621 0000 003
Loss Date:        Wednesday, May 18, 2022
Policyholder:     Miranda Tsang

Dear Pierce & Hughes Pc,

This letter confirms our conversation of October 7, 2022, wherein we agreed upon settlement for $25,000.00 on behalf of your client, John H Richardson III and Nicole Richardson, individually and as husband and wife. As you know, this settlement is full and final for any and all damages under the bodily injury coverage of Miranda Tsang's policy.

To finalize our agreement, please find enclosed a settlement check and Release for your client to execute. Kindly hold this settlement check in escrow until we have the properly executed Release in our possession. **Please do not make any alterations to this release or submit any release which has different language than the attached without our prior approval.** It is understood that this settlement is clean and clear herewith and there are no further entities or individuals that have interest in same. Should we be mistaken in any way, do not negotiate this check and contact our office immediately. Any negotiation or disbursement of our payment will be considered a release of all claims.

**As you are aware Title 23 of the PA Consolidated Statutes has been amended by § 4308.1, and provides that overdue child support payments shall be a lien by operation of law against the**

EC0846 (04/2018)

net proceeds of any monetary award over $5,000. In accepting this settlement you are confirming that your client has provided proof by way of statement per the Statute that he/she/non-binary is not in arrears for child support. If he/she/non-binary is in arrears, it is your duty to make payment for the overdue child support out of the proceeds of the settlement as required by the Statute.

As stated, the enclosed settlement check is made payable to both your office and your client, with the appropriate tax identification number.

Sincerely,


Emily Carter
540-286-7055
Claims Department

# EXHIBIT "B"

 **TRAVELERS**

One Tower Square, Hartford, Connecticut 06183

THIS POLICY COVERS COLLISION DAMAGE TO
RENTAL VEHICLES

TRAVELERS CORP. TEL: 1-800-328-2189
INSTITUTIONAL^ -COLLEGES^ & UNIVERSITI
COMMON POLICY DECLARATIONS
ISSUE DATE: 12/14/21
POLICY NUMBER: BA-9S484883-21-CAG

INSURING COMPANY:
THE PHOENIX INSURANCE COMPANY

1. NAMED INSURED AND MAILING ADDRESS:
   MIDDLE ATLANTIC CATHOLIC RISK



2. POLICY PERIOD:  From 12/01/21 to 12/01/22 12:01 A.M. Standard Time at
                                                your mailing address.
3. LOCATIONS
     Premises   Bldg.
     Loc. No.   No.  Occupancy        Address

4. COVERAGE PARTS FORMING PART OF THIS POLICY AND INSURING COMPANIES:
   COMMERCIAL AUTOMOBILE COV PART DECLARATIONS        CA T0 01 02 15 PHX

5. NUMBERS OF FORMS AND ENDORSEMENTS
   FORMING A PART OF THIS POLICY:   SEE IL T8 01 10 93

6. SUPPLEMENTAL POLICIES: Each of the following is a separate policy
                          containing its complete provisions:
   Policy                        Policy No.              Insuring Company

7. PREMIUM SUMMARY:
     Provisional Premium    $
     Due at Inception       $
     Due at Each 1 MONTH    $

NAME AND ADDRESS OF AGENT OR BROKER:          COUNTERSIGNED BY:
   MARSH USA-PHILADELPHIA (RC817)
   THREE LOGAN SQUARE
   1717 ARCH ST STE 1100                      _____
   PHILADELPHIA, PA 19103                     Authorized Representative

                                              DATE:_____

IL T0 02 11 89(REV. 09-07)     PAGE 1 OF 1
OFFICE: CHARLOTTE-4


**TRAVELERS**

One Tower Square, Hartford, Connecticut 06183

ITEM THREE.    SCHEDULE OF COVERED
AUTOS YOU OWN
(SEE SEPARATE PAGE EXPLAINING
CERTAIN ENTRIES OR ABSENCE THEREOF)

POLICY NUMBER: BA-9S484883-21-CAG

INSURED'S NAME:  MIDDLE ATLANTIC CATHOLIC RISK                CA T0 02 02 15
AND AS PER IL T8 03

| COVERED AUTO NO | GARAGING CITY & STATE | | ZIP CODE | COUNTY TOWN CODE | TERR ZONE CODE | ISO/ STAT CODE | USE CLASS GVW/GCW OR SEAT CAPACITY |
|---|---|---|---|---|---|---|---|
| 41 | PHILADELPHIA | PA | 19131 | 0000 | 101 | 7912 | 35000 |
| 42 | PHILADELPHIA | PA | 19131 | 0000 | 101 | 7912 | 35000 |
| 43 | PHILADELPHIA | PA | 19131 | 0000 | 101 | 7912 | 35000 |
| 44 | PHILADELPHIA | PA | 19131 | 0000 | 101 | 7912 | 35000 |
| 45 | PHILADELPHIA | PA | 19131 | 0000 | 101 | 7912 | 35000 |

| COVERED AUTO NO | YEAR | MAKE/MODEL | VEHICLE ID NO (VIN) | COST NEW | LIMIT OF INSURANCE | AGE GROUP |
|---|---|---|---|---|---|---|
| 41 | 2016 | FORD ESCAP | | | | |
| 42 | 2016 | FORD TRANS | 1FBZX2CM8GKB01688 | 39580 | ACV | B |
| 43 | 2016 | CHEVR TAHOE | | | | |
| 44 | 2016 | FORD TRANS | | | | |
| 45 | 2017 | FORD TRANS | | | | |

| | COVERED AUTO 41 | COVERED AUTO 42 | COVERED AUTO 43 | COVERED AUTO 44 | COVERED AUTO 45 |
|---|---|---|---|---|---|
| BASIC PIP: DEDUCTIBLE AMOUNT APPLIES TO | | | | | |
| DEDUCTIBLES: | | | | | |
| COMPREHENSIVE | 1000 | 1000 | 1000 | 1000 | 1000 |
| COLLISION | 1000 | 1000 | 1000 | 1000 | 1000 |
| PREMIUMS: | | | | | |
| COVERED AUTOS | | | | | |
| LIABILITY | | | | | |
| BASIC PIP | | | | | |
| COMPREHENSIVE | | | | | |
| COLLISION | | | | | |
| TOWING | | | | | |
| TOTAL | | | | | |

\* APPLICABLE TO COMPREHENSIVE AND SPECIFIED CAUSES OF LOSS COVERAGE
\*\*APPLICABLE TO COMPREHENSIVE, SPECIFIED CAUSES AND COLLISION COVERAGES
SPV    80              PAGE    9              001

POLICY NUMBER: BA-9S484883-21-CAG

COMMERCIAL AUTO
ISSUE DATE: 01-14-22

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PENNSYLVANIA UNDERINSURED MOTORISTS COVERAGE – NONSTACKED

For a covered "motor vehicle" licensed or principally garaged in, or "auto dealer operations" conducted in, Pennsylvania, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**SCHEDULE**

**Limit Of Insurance: $** SEE CAT030    **Each "Accident"**

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of an "underinsured motor vehicle".

2. We will pay under this coverage only if Paragraph **a.** or **b.** below applies:

   a. The limits of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   b. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

      (1) Have been given prompt written notice of such tentative settlement; and

      (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. No judgment for damages arising out of a "suit" brought against the owner or operator of an "underinsured motor vehicle" is binding on us unless we:

   a. Received reasonable notice of the pendency of the "suit" resulting in the judgment; and

   b. Had a reasonable opportunity to protect our interests in the "suit".

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

   b. Anyone else "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

CA 21 93 10 13

© Insurance Services Office, Inc., 2012

Page 1 of 4

COMMERCIAL AUTO

## C. Exclusions

This insurance does not apply to any of the following:

1. The direct or indirect benefit of any insurer or self-insurer under any disability benefits or similar law, except workers' compensation law.

2. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

3. Punitive or exemplary damages.

4. "Bodily injury" sustained by:

   a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form;

   b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form; or

   c. Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Underinsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

5. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of covered "motor vehicles", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage form, Medical Payments Coverage endorsement or Uninsured Motorists Coverage endorsement attached to this Coverage Part.

We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any disability benefits or similar law, except workers' compensation law.

## E. Changes In Conditions

The Conditions are changed for Pennsylvania Underinsured Motorists Coverage – Nonstacked as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are changed by adding the following:

   a. Promptly send us copies of the legal papers if a "suit" is brought.

   b. A person seeking Underinsured Motorists Coverage must also promptly notify us, in writing, of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us 30 days to advance payment to the "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

2. **Legal Action Against Us** is replaced by the following:

   **Legal Action Against Us**

   a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.

   b. Any legal action against us under this Coverage Form must be brought within four years after the date on which the "insured" either settles with, or receives a judgment against, the owner or driver of the "underinsured motor vehicle".

   c. Paragraph **2.b.** above of this condition does not apply if, within four years after the date on which the "insured" either set-

© Insurance Services Office, Inc., 2012    **CA 21 93 10 13**

tles with, or receives a judgment against, the owner or driver of the "underinsured motor vehicle":

(1) We or the "insured" has made a written demand for arbitration in accordance with the provisions of this endorsement; or

(2) The "insured" has filed an action for "bodily injury" against the owner or operator of the "underinsured motor vehicle" and such action is:

(a) Filed in a court of competent jurisdiction; and

(b) Not barred by the applicable state statute of limitations.

In the event that the four-year time limitation identified in this condition does not apply, the applicable state statute of limitations will govern legal action against us under this Coverage Form.

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment due to an "accident" involving an "underinsured motor vehicle" and the "insured" recovers from another party in a separate claim or "suit", the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid, less reasonable attorneys' fees, costs and expenses incurred by the "insured" to the extent such payment duplicates any amount we have paid under this coverage.

Our rights do not apply under this provision with respect to Underinsured Motorists Coverage if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

4. **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

a. If there is other applicable similar insurance available under more than one Coverage Form or policy, the following priorities of recovery apply:

| First | The Underinsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident". |
|---|---|
| Second | The Coverage Form or policy affording Underinsured Motorists Coverage to the "insured" as an individual Named Insured or "family member". |

b. Where there is no applicable insurance available under the first priority, the maximum recovery under all Coverage Forms or policies in the second priority may equal but not exceed the highest applicable limit for any one vehicle under any one Coverage Form or policy affording coverage to an individual Named Insured or "family member".

c. Where there is applicable insurance available under the first priority:

(1) The Limit of Insurance applicable to the vehicle the "insured" was "occupying" under the Coverage Form or policy in the first priority shall first be exhausted; and

(2) The maximum recovery under all Coverage Forms or policies in the second priority may equal but not exceed the highest applicable limit for any one vehicle under any one Coverage Form or policy affording coverage to an individual Named Insured or "family member".

d. If two or more Coverage Forms or policies have equal priority:

(1) The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority;

(2) The insurer thereafter is entitled to recover pro rata contribution from any

COMMERCIAL AUTO

other insurer for the benefits paid and the costs of processing the claim.

5. The following condition is added:

**Arbitration**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Underinsured motor vehicle" means a vehicle for which the sum of all liability bonds or policies that apply at the time of an "accident" does not provide at least the amount an "insured" is legally entitled to recover as damages.

   However, an "underinsured motor vehicle" does not include any vehicle designed for use mainly off public roads while not on public roads.

4. "Motor vehicle" means a vehicle which is self-propelled, except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but does not mean a vehicle operated upon rails.

 © Insurance Services Office, Inc., 2012 **CA 21 93 10 13**